**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Riley, et al., <br><br> Plaintiffs, <br> vs. <br><br> Bullhead City, Bradley Holdway, Ryan Abel, John Does I-X, and Black and White Corps., I-X, <br><br> Defendants. | No. 07-CV-0692-PCT-PGR <br><br> **ORDER** |

On October 13, 2009, this Court ordered Plaintiff John Riley to file a status report detailing the impact the current status of the criminal proceeding may have on the matters pending before this Court, including, but not limited to, the issues previously asserted by the Plaintiffs (i.e. the claims, scope and length of the trial, loss of certain causes of action by the Plaintiffs, narrowing of the contested issues at trial, and/or stipulations regarding sworn testimony in

lieu of live witnesses).

In response, counsel for Mr. Riley submitted a status report stating that it is his opinion that the factual basis for the plea agreement has a severe impact upon the Plaintiffs' causes of actions. In essence, Mr. Riley admitted to assaulting a police officer in this incident. He further stated that Mr. Riley did not read the factual predicate that is attached to the plea and has consulted with attorney Anthony Mullen in Bullhead City about the possibility of filing a Motion for Post-Conviction Relief Pursuant to Rule 32 A.R.Cr.P.

Consequently, Mr. Riley requested that this Court continue the stay in this matter for one month while his new criminal counsel determined whether a Rule 32 motion has merit. One month has been and gone and this Court has once again heard nothing from Mr. Riley's counsel.[1] Counsel for Plaintiff has received more than the one month he requested and has not notified the Court of any movement in the criminal proceedings.

    IT IS HEREBY ORDERED lifting the stay.

    IT IS FURTHER ORDERED that the Court will hold a status conference on Monday, **December 14, 2009, at 11:00 a.m.**

    DATED this 3rd day of December, 2009.

Paul G. Rosenblatt
United States District Judge

---

[1] As previously noted, Plaintiff's Change of Plea occurred on September 17, 2009, yet this Court was not notified until October 1, 2009. Mr. Riley's trial was set for September 8, 2009 and was expected to last four days. In this Court's Order of July 16, 2009, Plaintiff was ordered to file a notice in writing within twenty-four (24) hours of receiving a notice of change in trial date for Mr. Riley's criminal trial. No such notice was filed within that twenty-four hour period. The Court has not been apprised of any change of date nor any change of status in the criminal proceeding until receiving this Notice of Change of Plea nearly one month after the date set for trial.